## No. 7472.

## THE STATE EX REL. C. E. GIRARDEY VS. THE SOUTHERN BANK, SUCCESSION OF E. CORDEVIOLLE, APPELLANT.

In a suspensive appeal from a judgment of forfeiture of a bank's charter, the bond is not required to be for an amount exceeding by one-half the assets of the bank. It is sufficient that the judge has fixed it at an amount sufficient to cover costs, since it does not fall within Arts. 575-7, Code of Practice.

In cases where the judge is required to fix the amount of a suspensive appeal bond, his error in fixing too small a sum is not imputable to the appellant and will not prejudice him.

A depositor may appeal suspensively from a judgment of forfeiture, and although the balance in his favor on the bank's books is not conclusive of its liability to him, it is sufficient to establish his appealable interest.

Such depositor is not a party to the proceedings for forfeiture taken ex parte by another depositor.

APPEAL from the Fourth District Court of New Orleans. HOUSTON, J.

*Bermudez* for Relator. *Louque* and *McGloin & Nixon* for Succession of Cordeviolle, Appellant.

Francisco vs. Barba.

Girardey drew on the Southern Bank for $100 against that sum deposited by him. His cheque was not paid and protest followed. On the same day he brought suit against the bank for the forfeiture of its charter, alleging its insolvency, and praying for its liquidation and the appointment of commissioners. The bank answered instanter, and a judgment followed immediately, decreeing all that was asked.

Three days after, the executrix of E. Cordeviolle obtained a suspensive appeal, alleging that she was a depositor of forty-five thousand dollars, and the judge fixed her bond at $250. Girardey moved to dismiss on the ground that the appellant was not shewn to be a creditor, and if a creditor that she cannot be aggrieved by the judgment, and that a suspensive appeal does not lie from a judgment appointing fiduciary administrators. The counsel of the bank contended that the case is not shewn to be appealable, and if appealable that the bond should be for a sum exceeding by one-half the assets of the bank.

De Blanc, J., delivered the opinion refusing the motion to dismiss.